UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMAL HAMMOUD, ) | |
|                     Plaintiff, ) | |
| ) | |
| -against- ) | NOTICE OF REMOVAL OF |
| ) | ACTION UNDER |
| ) | 28 U.S.C. § 1441(B) |
| SOCIÉTÉ GÉNÉRALE DE BANQUE AU LIBAN, ) | DIVERSITY OF DEFENDANT |
| ) | |
|                     Defendant. ) | Index No.: 657264/2019 |
| ) | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Société Géneralé De Banque Au Liban, ("Defendant") hereby removes to this Court the state action described below.

1. According to a review by counsel of the New York County Supreme Court docket, on December 6, 2019, at 5:20PM, an action was commenced by Plaintiff in the Supreme Court of the State of New York, County of New York, entitled <u>Jamal Hammoud v. Société Géneralé De Banque Au Liban</u>, index no. 657264-2019.

2. Defendant is a foreign financial institution organized under the laws of Lebanon.

3. At no time was the summons and/or complaint personally delivered to the Defendant within the State of New York.

4. At no time was the summons and/or complaint served on the Defendant.

5. No certificate of service is on record with the Supreme Court of New York, nor is there any record of consent from the Defendant regarding service.

6. A copy of the Summons and Complaint are attached hereto.

7. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $ 75,000, exclusive of interest and costs.

8. Plaintiff Jamal Hammoud is an individual and the majority owner and principal of Milestones Capital, LLC, and advisory firm located at 350 Park Avenue, 13th Floor, New York, New York.

9. As mentioned above, the Defendant is a foreign financial institution organized under the laws of Lebanon.

WHEREFORE, Defendant Société Géneralé De Banque Au Liban respectfully requests this action be removed to the United States District Court for the Southern District of New York. Société Géneralé De Banque Au Liban expressly reserves all of its rights and waives none by seeking removal.

Dated: January 6, 2020

Respectfully submitted,

  /s/ Terrance P. Flynn
Terrance P. Flynn, Esq.
Harris Beach PLLC
726 Exchange Street, Suite 1000
Buffalo, New York 14210
(716) 200-5050
tflynn@harrisbeach.com

*Attorneys for Defendant,*
  *Société Géneralé De Banque Au Liban*

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------ x

JAMAL HAMMOUD,

                              Plaintiff,

            -against-

SOCIÉTÉ GÉNÉRALE DE BANQUE AU LIBAN,

                             Defendant.

**SUMMONS**

Index No: _____

Date Index No. Purchased:

December 6, 2019

------------------------------------------------------------------------ x

TO THE ABOVE NAMED DEFENDANT:

      You are hereby summoned and required to serve upon Plaintiff's attorneys an answer to the Complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

      The Plaintiff designates the County of New York as the proper venue for the trial of this action.

Dated: New York, New York
December 6, 2019

**LAZARE POTTER GIACOVAS & MOYLE LLP**

By:   /s/ Robert A. Giacovas
      Robert A. Giacovas
      Jacob A. Englander

      747 Third Avenue, 16th Floor
      New York, NY 10017
      (212) 758-9300
      rgiacovas@lpgmlaw.com
      jenglander@lpgmlaw.com
      *Attorneys for Plaintiff*

To:

Société Générale de Banque au Liban
SGBL Building
Sin El Fil – Saloumeh-Dekwanweh Roundabout
P.O. Box 112955
Beirut, Lebanon

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------------- x

JAMAL HAMMOUD,

                                Plaintiff,

    -against-

SOCIÉTÉ GÉNÉRALE DE BANQUE AU LIBAN,

                                Defendant.

----------------------------------------------------------------------- x

**COMPLAINT**

Index No: _____

Plaintiff, JAMAL HAMMOUD ("Plaintiff" or "Hammoud") by his attorneys, LAZARE POTTER GIACOVAS & MOYLE LLP, brings this action against SOCIÉTÉ GÉNÉRALE DE BANQUE AU LIBAN ("SGBL" or "Defendant") and alleges as follows:

### NATURE OF THE ACTION

1. This action arises from the Defendant's inexplicable failure and refusal to honor Plaintiff's routine request to wire funds from accounts on which Plaintiff is the beneficial owner at SGBL, to his United States bank account at First Niagara Bank. Defendant's failure and refusal to wire the funds as requested constitutes a breach of Plaintiff's account holder agreements with SGBL, conversion, and has unjustly enriched SGBL.

2. As a direct result of Defendant's wrongful actions in withholding the funds, Plaintiff has suffered monetary damages, which continue to accrue each day, in an amount no less than $457,224.

### THE PARTIES

3. Plaintiff is an individual and the majority owner and principal of Milestones Capital, LLC, an advisory firm located at 350 Park Avenue, 13th Floor, New York, New York 10022. Plaintiff is also the majority owner and principal of Milestones Capital ME S.A.L., which is

registered in Lebanon and is an affiliate of Milestones Capital, LLC (sometimes collectively, "Milestones").

4. Defendant is a banking institution organized under the laws of Beirut, Lebanon and is a subsidiary of Société Générale S.A.

5. Though Defendant is headquartered in Beirut, Lebanon it conducts business in the City and State of New York, including, but not limited to, wiring of funds to correspondent banks located within New York.

## JURISDICTION AND VENUE

6. Jurisdiction and venue are proper herein pursuant to CPLR §§ 301 and 503 because a substantial part of the events or omissions giving rise to the claim occurred in New York County.

## BACKGROUND

7. On or about January 17, 2011, Plaintiff opened the first of two (2) accounts at SGBL in the name of Milestones Capital ME, S.A.L. Plaintiff is the signatory on both accounts and is the beneficial owner of both accounts.

8. Between January 17, 2011 and November 7, 2019, Plaintiff, pursuant to both the account holder agreements in place with SGBL and to SGBL's longstanding practice, made requests from his Milestones' office in New York City for wire transfers to be made to a specified account in the United States.

9. In every instance between January 17, 2011 and November 7, 2019, SGBL immediately wired the funds in accordance with Plaintiff's request.

10. On November 8, 2019, Plaintiff made a request by email from his New York office that SGBL change €250,000 to U.S. Dollars and then transfer a total of $400,000 to a designated account at First Niagara Bank in New York State ("First Niagara Account")[1].

11. SGBL had Plaintiff's account number for his First Niagara Account on file from the many previous wire transfers that it completed upon request to Plaintiff's First Niagara Account over the years.

12. Milestones' accounts at SGBL at the time of this wire request contained no less than $494,683.29; thus, there was ample monies in the accounts to fulfill the wire request.

13. Defendant did not respond to this email, and Plaintiff sent another email on November 13, 2019, to which Defendant also did not respond.

14. On or about November 13, 2019, a representative of Defendant then contacted Plaintiff by phone, and informed Plaintiff that SGBL would not wire the funds as requested but provided no specific reason for departing from its standard practice of honoring Plaintiff's wire requests.

15. On November 14, 2019, Plaintiff sent another email to Defendant, recapping the phone call and Defendant's refusal to wire the funds, and advising Defendant that he needed the funds wired immediately in order to meet outstanding payment obligations in the United States.

16. Plaintiff then updated his wire request in this November 14, 2019 email, asking SGBL to wire €300,000 and an additional $125,000, a total of approximately $457,224 based on the exchange rate, to his First Niagara Account.

17. Despite repeated follow up email requests on November 19 and November 21, SGBL continued to refuse to wire Plaintiff the funds as requested.

---

[1] First Niagara Bank has merged with Key Bank. The account information on Plaintiff's account remained the same subsequent to the merger and is still referred to as the First Niagara Account in correspondence with SGBL.

18. In each of these follow up emails, Plaintiff again informed SGBL that he needed the funds to immediately satisfy payment obligations in the United States, which payment obligations were accruing additional penalties and interest by the day.

19. On November 26, 2019, Plaintiff, through counsel, sent a final request to SGBL for the funds to be wired, and advised that SGBL's failure to honor Plaintiff's extant wire requests would result in legal action to recover all damages occasioned by SGBL's wrongful refusal to wire the funds.

20. To date, Defendant has continued to improperly withhold the requested wire funds, in direct violation of Milestones' account holder agreements.

## AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "20."

22. Defendant's refusal to wire the funds from the subject accounts to Plaintiff's First Niagara Account constitutes a breach of the account holder agreements in place with SGBL.

23. As a direct result of Defendant's breach, Plaintiff has suffered monetary damages in the amount of the requested wire funds, as well as accruing interest and penalties on payment obligations in the United States, which are continuing to accrue.

## AS AND FOR A SECOND CAUSE OF ACTION FOR CONVERSION

24. Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through "20".

25. Defendant's refusal to wire the funds from the subject accounts to Plaintiff's First Niagara Account was intended to and did interfere with Plaintiff's ownership rights over the account funds at SGBL, and SGBL continues to hold said account funds, constituting conversion.

26. As a direct result of Defendant's conduct, Plaintiff has suffered monetary damages in the amount of the requested wire funds as well as accruing interest and penalties on payment obligations in the United States, which are continuing to accrue.

### AS AND FOR A THIRD CAUSE OF ACTION FOR UNJUST ENRICHMENT

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "20".

28. Defendant's refusal to wire the funds from the subject accounts to Plaintiff's First Niagara Account violates SGBL's longstanding custom and practice to wire funds in the manner requested.

29. Defendants' refusal to wire the funds from the subject accounts has unjustly enriched Defendant.

30. As a direct result of Defendant's conduct, Plaintiff has suffered monetary damages in the amount of the requested wire funds, as well as accruing interest and penalties on payment obligations in the United States, which are continuing to accrue.

### JURY TRIAL

Plaintiff demands a trial by jury of all issues and claims in this action that are so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in the sum of no less than $457,224, together with interest, costs, disbursements, attorneys' fees, and such further relief as the Court deems just and proper.

Dated: New York, New York
December 6, 2019

**LAZARE POTTER GIACOVAS & MOYLE LLP**

By: /s/ Robert A. Giacovas

Robert A. Giacovas
Jacob A. Englander
747 Third Avenue, 16th Floor
New York, NY 10017
(212) 758-9300
rgiacovas@lpgmlaw.com
jenglander@lpgmlaw.com

*Attorneys for Plaintiff*