# EXHIBIT C

**Law Offices of Attorney Muhannad Saleh Ammar**
Corniche Al Mazraa - Riviera Center - Third Floor.
Landlines: +961.1.707221 & +961.1.707220. Cell: +961.3.625939

**Hon. Mary Kay Vyskocil**
**United States District Judge**
**Southern District of New York**
**500 Pearl Street**
**New York, NY 10007**

Dear Judge Vyskocil:
I, Muhannad Saleh Ammar, declare that the following is true.

I am an attorney duly licensed to practice law in Lebanon.

I have reviewed the letter dated March 9, 2020, attached as Exhibit C to SGBL's motion to dismiss, and I make this declaration in order to correct certain inaccuracies regarding Lebanese banking law contained in that letter and to comment on the relationship between the Bank and the Client under Lebanese law.

**First:**
**Article 307 of the Lebanese Trade Law stipulates:** "The bank that receives by way of a deposit an amount of money becomes its Custodian and must return it in full in one payment or several payments from the first request by the depositor or per the terms stipulated in the contract."
According to this, the bank must return the deposited amount immediately upon request or the agreed period, per the terms of the account opening contract. Accordingly the bank cannot prevent the depositor from transferring or withdrawing the money deposited with the bank because the nature of the account makes the deposit unrestricted for time. The bank's refusal to enable the depositor to withdraw the amount deposited with it, constitutes capricious conduct and an infringement of depositor rights because the depositor's right to withdraw and wire the money from the account constitutes the apparent right that accompanies the nature of the account under demand.
**(See Beirut Appeals Court Chamber 21, Decision No. 6 of 22/1/1981 issued legislation and diligence)**

**Second:**
**There are two judicial rules (standards) that govern the operation of banks:**
> The first rule: The banks are the custodian of the customer's rights and interests.
> The second rule: Banks are subject to the customer's orders regarding his deposit in accordance with the law and the provisions of the contract with the bank. As for any press releases or decisions issued by any banking organization, including the "ABL" (Association of Banks in Lebanon – a trade union body), these press releases are not binding on the customer and do not alter the Bank's obligations to the customer under Lebanese Law.

**Third:**
The customer has full rights to withdraw his deposit entrusted to the bank, as long as there is no law justifying the bank's non-compliance. Banking association press releases and decisions whatever their sources are, do not constitute a law. They do not create an unavoidable "force majeure" obligating banks to refuse to implement the customer's withdrawal as impossible.
This is so regardless of fatigue on the bank from the amount of withdrawals. The bank remains responsible and is not exempted from its obligation to respond to the customer's request, because there is no legal exemption, and for that, there are many judicial decisions. The actions recently taken by banks in Lebanon are to protect their own interests only at the expense of their depositors' interests, without any legal justification.
As Dr. Sami Mansour, the former head of the Court of Cassation recently stated, If the stability of the banking sector is in the national economy interest, the trust in banks are the most

important guarantee for that economy to encourage international commerce and contracts.
**(Dr. Sami Mansour - the former head of the Court of Cassation reviews honor and former member of the Judicial Council – on his Facebook Page on 11/19/2019 at 16:30)**

**Fourth:**
SGBL bank's actions towards MILESTONES CAPITAL ME (OFFSHORE) S.A.L. ("Milestones") by preventing it from withdrawing its deposit by wiring it abroad as has been customary and the basis of its relationship, is an illegal act. The illegality of this act is confirmed by the Governor of the Central Bank of Lebanon, who emphasized this by stating that the issue of Capital Control that banks practice in the face of depositors does not have legal authorization and The Central Bank does not have the authority to unilaterally make such law in the "monetary and credit law".
**(The speech of the Governor of the Bank of Lebanon in the Annahar.com on 11/11/2019, at 15:30)**

**Fifth:**
Restricting withdrawals and wire transfers entails paralyzing economic movement, and cannot be used to invoke "force majeure":
This is because "force majeure" is an event that cannot be anticipated or observed, nor can it be pushed or avoided, which takes place without being preceded or accompanied by a mistake by the defendant.
**(Penal distinction No. 129 of 12/4/2012 Third Room Xander Electronic Group)**
In this case, banks cannot refuse its depositor to withdraw, and the bank must return the depositor the equal amount received and in the same currency in which the deposit was made.

**Sixth:**
The February 17, 2020 decision of the Court of Cassation of Beirut (No. 130/2020) referenced in the letter submitted by SGBL is not a final and binding decision affecting the rights of Jamal Hammoud or Milestones with SGBL, and it does not create binding law throughout the Lebanese banking system.  The decision only issued a stay with respect to the dispute of a single customer with his own bank.  Importantly, the court ruling is not a final ruling against the plaintiff's rights, because the court has no authority to make a final decision against the depositor without further depositions and exploration of evidence.  The decision also highlighs that a depositor's request to wire funds requires adequate funds in the account.

**Seventh:**
The process of wiring money in foreign currency to and from Lebanon is devoted to the forefront of the Lebanese constitution.  The controls imposed by banks on depositors have been implemented without a proper legal foundation, as emphasized by the position of Economic experts and specialists, the cries of depositors and citizens, and further confirmed by the statement of the president of the bar association in Beirut, Melhem Khalaf:
As the measures imposed on clients and depositors are arbitrary and discretionary, and if it is justified, this justification loses all strength as long as it has no legality, and as long as it was issued based on the will of one of the contracting parties without the other, meaning the banks' will and not the depositors.
So the provisions of the general law, i.e. the law of obligations and contracts in addition to the principles stipulated in the "land trade law" and "the monetary and credit law", are the ones that concern the contractual relationship between the bank and the customer. Therefore, all recent banking procedures restricting or denying the transfer of money at the depositor's request are contrary to the laws and regulations in effect and constitute a violation of the principle of free circulation and trade that is the basis of the Lebanese constitution, initiated in its introduction, and built on the principle of the fairness of trading in all currencies.  These foundational rights remain available for each depositor and each customer in the light of his interests and needs, and the bank cannot by itself restrict these rights.

**Eighth**
Under Lebanese law, in the absence of a specific and binding court ruling, the basis that has been established as customary between the depositor and bank governs the relationship. In this case, the wire transfers for the last eight years from the Milestones account at the request of Jamal Hammoud to his US account at First Niagara, which is now Key Bank, establishes the requirements of the relationship between Milestones Capital and SGBL

**Finally**

Based on the above, I affirm that the bank cannot prevent the customer from transferring money out of a properly funded account. The refusal to wire the money at the customer's direction, in accordance with past practice between customer and bank, is not legal and thus the decisions issued by the ABL are illegal and unconstitutional and are not based in the law since they are not associated with any legal text that legitimizes them.   The ABL is just a trade union body and not a legal authority – it is not entitled to carry out these illegal banking procedures, which are arbitrary and not protected by law.

Dated:  April 14, 2020
       Beirut, Lebanon

With all respect and respect,

Attorney, Muhannad Ammar

2

