**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JAMAL HAMMOUD, | ) | **1:20-cv-00106-MKV** |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| SOCIÉTÉ GÉNÉRALE DE BANQUE AU LIBAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY TO PLAINTIFF JAMAL HAMMOUD'S OPPOSITION TO MOTION TO
DISMISS BY DEFENDANT SOCIÉTÉ GÉNÉRALE DE BANQUE AU LIBAN S.A.L**

Dated: April 30, 2020

**ASHCROFT LAW FIRM, LLC**

Michael J. Sullivan
Kimberly P. West
200 State Street, 7th Floor
Boston, MA 02109
T:  617-573-9400
msullivan@ashcroftlawfirm.com
kwest@ashcroftlawfirm.com

*Counsel for Société Générale de
Banque au Liban S.A.L.*

## **TABLE OF CONTENTS**

**INTRODUCTION**................................................................................................... 1

**I.**    **THE COURT LACKS PERSONAL JURISDICTION OVER SGBL** ...................... 1

**II.**   **PLAINTIFF LACKS STANDING TO SUE SGBL** .................................................... 6

**III.**  **THE COMPLAINT FAILS TO STATE A BREACH OF CONTRACT CLAIM**... 7

**IV.**  **DUPLICATIVE CONVERSION AND UNJUST ENRICHMENT CLAIMS CAN AND MUST BE DISMISSED AT THE MOTION TO DISMISS STAGE** ............. 9

**V.**   **THE COMPLAINT FAILS TO OVERCOME THE PRESUMPTION AGAINST EXTRATERRITORIALITY** ................................................................................... 10

**VI.**  **GRANTING LEAVE TO AMEND THE COMPLAINT WOULD BE FUTILE** .. 10

**TABLE OF AUTHORITIES**

**Cases**

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*,
  651 F. Supp. 2d 155 (S.D.N.Y. 2009) ........................................................................ 7

*Albany Int'l. Corp. v. Yamauchi Corp.*,
  978 F. Supp. 2d 138 (N.D.N.Y. 2013) ...................................................................... 4

*Artists Rights Enf't Corp. v. Estate of Robinson*,
  No. 15-CIV-9878 (ER), 2017 WL 933106 (S.D.N.Y. Mar. 8, 2017) ........................ 8

*Bache & Co. v. Int'l Controls Corp.*,
  324 F. Supp. 998 (S.D.N.Y. 1971) ............................................................................ 6

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
  305 F.3d 12 (2d Cir. 2002) .................................................................................. 2,4

*Bautista v. CytoSport, Inc.*,
  223 F. Supp. 3d. 182 (S.D.N.Y. 2016) .................................................................. 10

*Berkshire Capital Grp., LLC v. Palmet Ventures, LLC*,
  307 F. App'x 479 (2d Cir. 2008) .............................................................................. 2

*Best Van Lines v. Walker*,
  490 F.3d 239 (2d Cir. 2007) ...................................................................................... 4

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ................................................................................................... 4

*Chrysler Capital Corp. v. Hilltop Egg Farms, Inc.*,
  514 N.Y.S.2d 1002 (N.Y. App. Div. 1987) .............................................................. 8

*Cmty. Fin. Grp., Inc. v. Stanbic Bank Ltd.*,
  No. 14-CV-5216 (DLC), 2015 WL 4164763, (S.D.N.Y. July 10, 2015) ................. 4

*D&R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*,
  78 N.E.3d 1172 (N.Y. 2017) ..................................................................................... 4

*Dilworth v. Goldberg*,
  914 F. Supp. 2d 433 (S.D.N.Y. 2012) ...................................................................... 7

*Doe v. Delaware State Police*,
  939 F. Supp. 2d 313 (S.D.N.Y. 2013) ...................................................................... 3

*Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*,
    282 F.3d 83 (2d Cir. 2002) .................................................................................. 10

*Fink v. Time Warner Cable*,
    810 F. Supp. 2d 633 (S.D.N.Y. 2011) ............................................................... 7,8

*Glob. Reins. Corp. U.S. Branch v. Equitas Ltd.*,
    969 N.E.2d 187 (N.Y. 2012) .............................................................................. 10

*Howard v. Klynveld Peat Marwick Goerdeler*,
    977 F. Supp. 654 (S.D.N.Y. 1997) ...................................................................... 4

*Interglobo Customers Broker, Inc. v. Sunderland Bros Co.*,
    No. 19-CV-5723 (GBD) (JLC), 2019 WL 5996281 (S.D.N.Y. Nov. 14, 2019) ...................... 6

*Kimco Exch. Place Corp. v. Thomas Benz, Inc.*,
    824 N.Y.S.2d 353 (N.Y. App. Div. 2006) .......................................................... 3,4

*Leibowitz v. Cornell Univ.*,
    584 F.3d 487 (2d Cir. 2009) ................................................................................ 8

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014) ............................................................................................. 6

*Licci v. Lebanese Canadian Bank, SAL*,
    732 F.3d 161 (2d Cir. 2013) ................................................................................ 5

*Magwitch, L.L.C. v. Pusser's Inc.*,
    923 N.Y.S.2d 455 (N.Y. App. Div. 2011) ............................................................ 3

*Mandarin Trading Ltd. v. Wildenstein*,
    944 N.E.2d 1104 (N.Y. 2011) ............................................................................. 9

*Marshall v. Hyundai Motor Am.*,
    51 F. Supp. 3d 451 (S.D.N.Y. 2014) ................................................................ 7,9

*McGowan v. Smith*,
    423 N.Y.S.2d 90 (N.Y. App. Div. 1979) ............................................................. 2

*Molchatsky v. United States*,
    778 F. Supp. 2d 421 (S.D.N.Y. 2011) ................................................................. 6

*Olde Monmouth Stock Transfer Co. v. Depository Tr. & Clearing Corp.*,
    485 F. Supp. 2d 387 (S.D.N.Y. 2007) ................................................................. 9

*Patel v. Patel*,
   497 F. Supp. 2d 419 (E.D.N.Y. 2007) ........................................................... 2

*Peters v Peters*,
   8 N.Y.S.3d 297 (N.Y. App. Div. 20l5) ........................................................ 1

*Priolo v. Comm., Inc. v. MCI Telecom Corp.*,
   248 669 N.Y.S.2d 376 (N.Y. App. Div. 1998) ...................................... 9,10

*Rushaid v. Pictet*,
   68 N.E.3d 1 (N.Y. 2016)........................................................................... 5,6

*Snam Progetti S.P.A. v. Lauro Lines*,
   387 F. Supp. 322  (S.D.N.Y. 1974) .......................................................... 10

*Stissi v. Interstate & Ocean Transp. Co. of Philadelphia*,
   814 F.2d 848 (2d Cir. 1987)........................................................................ 8

*Sunward Elec., Inc. v. McDonald*,
   362 F.3d 17  (2d Cir. 2004)......................................................................... 2

*Telesco v. Neuman*,
   No. 14-CV-3480 (VB), 2015 WL 2330166 (S.D.N.Y. Mar. 11, 2015)................... 10

*Universal Licensing Corp. v. Paola del Lungo S.P.A.*,
   293 F.3d 579 (2d Cir. 2002)..................................................................... 10

*Vista Food Exch., Inc. v. Champion Foodservice, LLC*,
   124 F. Supp. 3d 301 (S.D.N.Y. 2015).......................................................... 6

*Walden v. Fiore*,
   571 U.S. 277 (2014)..................................................................................... 4

*Waldman v. Palestine Liberation Org.*,
   835 F.3d 317 (2d Cir. 2016)........................................................................ 4

*Warth v. Seldin*,
   422 U.S. 490 (1975)..................................................................................... 6

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980)..................................................................................... 6

## Other Authorities

4B N.Y. Prac., Com. Litig. in N.Y. State Courts § 76:9 (4th ed.) ................................ 10

**Rules**

C.P.L.R. 301................................................................................................................ 1

C.P.L.R. 302(a)(1) .................................................................................................. 1,2,4

C.P.L.R. 302(a)(3) .................................................................................................... 2

Fed. R. Civ. P. 12(b)(6)........................................................................................... 7

**INTRODUCTION**

For the reasons that follow, Defendant Société Générale De Banque Au Liban S.A.L ("SGBL") respectfully requests that the Court reject the arguments set forth in Plaintiff's Opposition Memorandum and grant SGBL's Motion to Dismiss.

**I.      THE COURT LACKS PERSONAL JURISDICTION OVER SGBL**

This is a foreign contract dispute that lacks any specific connection to New York beyond a foreign corporation's request to send funds to a personal bank account in New York.   The Complaint attempts to fill this glaring jurisdictional deficiency by naming Jamal Hammoud (who is not SGBL's customer) as the plaintiff, claiming that he (1) resides in New York, (2) is an owner of Milestones Offshore S.A.L. ("Milestones Offshore") (who is SGBL's customer), (3) was personally harmed by not receiving the wire in New York, and (4) by repeating over and over again that SGBL (like most international banks) uses correspondent banking services in New York in the course of its business.   These allegations surrounding a rejected wire transfer request lack any substantial connection to either the forum or the alleged cause of action, and they fail to prove that this Court can or should exercise its authority to decide a foreign dispute affecting another sovereign's economic security.

Plaintiff concedes "all-purpose" general jurisdiction does not exist under C.P.L.R. 301. Pl.'s Opp. at 3 n.1; *see Peters v Peters*, 8 N.Y.S.3d 297, 298 (N.Y. App. Div. 2015) (general jurisdiction requires that defendant is "essentially at home" in New York).   To reach a nonresident defendant, Plaintiff therefore must establish "case specific," long-arm jurisdiction.   The parties agree that the relevant jurisdictional analysis begins with C.P.L.R. 302(a)(1), which provides that "[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who . . . transacts any business within

1

the state or contracts anywhere to supply goods or services in the state." C.P.L.R. 302(a)(1).[1]  In the context of breach of contract or analogous claims, courts consider "[(1)] whether the defendant has an ongoing contractual relationship with a New York entity, [(2)] whether the contract was negotiated or executed in New York, [(3)] whether the defendant visited New York in connection with the contract, and [(4)] whether the contract is to be governed by New York law under a choice of law clause*." Berkshire Capital Grp., LLC v. Palmet Ventures, LLC*, 307 F. App'x 479, 480 (2d Cir. 2008); *see Patel v. Patel*, 497 F. Supp. 2d 419, 424 (E.D.N.Y. 2007).

The Complaint fails the well-established test set forth in *Berkshire* and *Patel*.  Plaintiff does not address the second, third, and fourth factors at all, as each cut squarely against him: the bank account was opened and any alleged contract was formed in Lebanon, there is no allegation that SGBL visited New York in connection with the contract, and there is no allegation that the contract is governed by a New York choice-of-law or forum selection clause.  Plaintiff therefore bases his argument entirely on a conclusory assertion that SGBL has an ongoing contractual relationship with a New York entity.  But the Complaint's allegations do not plausibly support this contention, or any other jurisdictionally significant connection to New York.  Instead, it alleges that (1) on November 8, 2019, Milestones Offshore requested that SGBL wire money from

---

[1]  In a footnote, Plaintiff makes a cursory and flawed argument that C.P.L.R. 302(a)(3) also confers jurisdiction upon SGBL.  Pl.'s Opp. at 5 n.3.  That subsection provides for jurisdiction when a defendant "commits a tortious act without the state causing injury to person or property within the state[.]" C.P.L.R. 302(a)(3).  First, assuming arguendo the subsection conferred jurisdiction for purposes of Plaintiff's tort claims (which it does not), it would not confer jurisdiction over SGBL for the breach of contract claims because "[a] plaintiff must establish the court's jurisdiction with respect to each claim asserted." *Sunward Elec., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004).  Second, the case Plaintiff cites in support of his position shows that the subsection does not apply because "the situs of the injury"—*i.e.*, "as the location where the 'first effect of the tort' . . . took place"—would be Lebanon, where Milestones Offshore is located, not New York. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 123 (2d Cir. 2002).  It is Milestones Offshore's corporate funds, not Mr. Hammoud's personal funds, that are implicated by unjust enrichment and conversion claims. *See also McGowan v. Smith*, 423 N.Y.S.2d 90, 95 (N.Y. App. Div. 1979), *aff'd* 419 N.E.2d 321 (N.Y. 1981) (reading subsection narrowly and observing that "[a]n injury does not occur in New York simply because the plaintiff is domiciled here.").  Plaintiff also has perhaps unwittingly undercut his jurisdictional argument under C.P.L.R. 302(a)(1) because he admits both that the contract was to be performed in Lebanon, and the act giving rise to his cause of action arose in Lebanon, not New York.

Milestones Offshore's bank account in Lebanon to a First Niagara Bank account in New York for which he is also a signatory, Compl. ¶¶ 7–10; (2) SGBL complied with similar wire transfer requests by Milestones Offshore an unspecified number of times between 2011 and 2019, Compl. ¶ 8; (3) on November 13, 2019, SGBL refused to complete a requested wire transfer from Milestones Offshore, Compl. ¶ 14; and (4) the wire requests were made "pursuant to both account holder agreements in place with SGBL and to SGBL's longstanding practice[.]"  Compl. ¶ 8.[2]

Merely alleging that SGBL, at its Lebanese corporate customer's direction, wired money to Plaintiff's New York account an unspecified number of times in the past is insufficient to confer personal jurisdiction over SGBL for the contract-based claims.  *See Doe v. Delaware State Police*, 939 F. Supp. 2d 313, 332 (S.D.N.Y. 2013) ("a plaintiff asserting jurisdiction must tender *specific* allegations about the defendant's contacts with the forum state"); *see also Magwitch, L.L.C. v. Pusser's Inc.*, 923 N.Y.S.2d 455, 457 (N.Y. App. Div. 2011) ("The acts of sending payments to a New York bank account and correspondence to a New York address, and engaging in telephone discussions with plaintiff's principal, who also was defendants' legal advisor while he was in New York, were not a sufficient basis to satisfy the statutory requirements."); *Kimco Exch. Place Corp. v. Thomas Benz, Inc.*, 824 N.Y.S.2d 353, 354 (N.Y. App. Div. 2006) (faxing executed contracts to New York and making telephone calls were insufficient to qualify as "purposeful acts constituting the transacting of business.").

Plaintiff's Opposition places great emphasis on the fact that SGBL advertises on its website that it has correspondent banking services in New York, in addition to sixteen countries besides the United States. *See* Pl.'s Opp. at 3–6.  In pressing this argument, Plaintiff ignores the body of

---

[2]   The Complaint does not specify what contractual provision of the account holder agreements required SGBL to perform Milestones Offshore's wire requests to a New York bank.  Nor does it identify a contract between *Plaintiff* and SGBL, as opposed to Milestones Offshore and SGBL.

case law stating that "[a] passive website that simply makes information available to others in a foreign jurisdiction will not justify the exercise of personal jurisdiction." *Albany Int'l. Corp. v. Yamauchi Corp.*, 978 F. Supp. 2d 138, 145 (N.D.N.Y. 2013) (internal quotation marks omitted) (citing *Best Van Lines v. Walker*, 490 F.3d 239, 251–52 (2d Cir. 2007)); *see also Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 661–63 (S.D.N.Y. 1997), *aff'd without published opinion*, 173 F.3d 844 (2d Cir. 1999) (both holding that advertisement in New York is insufficient to establish jurisdiction).

Federal constitutional due process also precludes a finding of specific personal jurisdiction over SGBL. *See D&R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 78 N.E.3d 1172, 1177 (N.Y. 2017) ("Exercise of personal jurisdiction under C.P.L.R. 302(a)(1) must . . comport with federal due process[.]"). The due process analysis "focuses on the relationship among the defendant, the forum, and the litigation," *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (internal quotation marks omitted), and whether personal jurisdiction "is reasonable under the circumstances of the particular case," *Bank Brussels Lambert*, 305 F.3d at 129. Here, "the plaintiff's activities within the state are not attributable to the defendant[] because they were not in any way directed by the defendant[]." *Kimco*, 824 N.Y.S.2d at 353. Rather, the Complaint is predicated on the actions of a third-party sender (Milestones Offshore) whose requested transmission of funds to Plaintiff personally was only facilitated by SGBL. *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 335 (2d Cir. 2016) (*defendant's* "suit-related conduct must create a substantial connection with the forum"). These wire transfers represent the "unilateral activity of another party or a third person," and thus do not permit jurisdiction over SGBL. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *see Cmty. Fin. Grp., Inc. v. Stanbic Bank Ltd.*, No. 14-CV-5216 (DLC), 2015 WL 4164763, at *4 (S.D.N.Y. July 10, 2015) (transfer through New

York correspondent account was "adventitious" and "insufficient to demonstrate that the use of the account was purposeful" where "use of the correspondent account was initiated by a party other than [defendant]" (internal quotation marks omitted)).

Nor is SGBL's mere use and maintenance of New York correspondent accounts sufficient to confer specific jurisdiction.  This Court should reject Plaintiff's effort to contort *Licci* to be interpreted otherwise. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 171 (2d Cir. 2013).  In *Licci*, the Second Circuit expressly rejected the proposition that "a foreign defendant's mere maintenance of a correspondent account in the United States is sufficient to support the constitutional exercise of personal jurisdiction." *Id.* (internal quotation marks omitted). Rather, to satisfy New York's long-arm statute and the United States Constitution, "the selection and repeated use of New York's banking system" must be "as an instrument for accomplishing the alleged wrongs for which the plaintiffs seek redress[.]" *Id.* at 171; *see id.* at 168 ("both the frequency and deliberate nature" of the use of correspondent accounts were "determinative").

The Complaint does not allege that SGBL used New York's banking system to commit any wrongdoing whatsoever, whereas in *Licci*, the tort claim against the bank was aiding and abetting terrorists by knowingly providing them New York banking services.[3]  Additionally, it would offend federal due process to confer personal jurisdiction based upon SGBL's *refusal* to send funds to a third party in New York, as opposed to a "deliberate" and affirmative act do so, which is required under Circuit precedent.  *See Licci*, 732 F.3d at 168.

Finally, Plaintiff claims there is personal jurisdiction because he is the "beneficial owner" of Milestones Offshore's SGBL account, which somehow made him a party to SGBL's alleged

---

[3] For the same reason, *Rushaid v. Pictet*, 68 N.E.3d 1, 1 (N.Y. 2016), does not support Plaintiff's position.  That case involved a scheme to launder money using New York bank accounts, *id.*, not an international bank providing arms-length services to a customer.  Jurisdiction was found for the tort claims in *Rushaid* because "[t]he bank orchestrated the laundering of funds," and "the money laundering could not proceed without the use of the correspondent bank

contract with Milestones Offshore.  Pl.'s Opp. at 6 n.4.  Plaintiff cites zero authority for that sweeping proposition, because there is none.  There is likewise no reason for a court to conclude that any foreign bank, by entering into a contract with a foreign corporation, subjects itself to personal jurisdiction wherever any individual owner, signatory, or anticipated recipient of a wire transfer resides.  No bank under those circumstances "should reasonably anticipate being haled into court" on that basis.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  As far as counsel for both parties are apparently aware, no bank ever has been.[4]

## II.   PLAINTIFF LACKS STANDING TO SUE SGBL

Plaintiff's Opposition makes a passing attempt to address his lack of standing to sue SGBL, *see* Mot. to Dismiss at 10–13, by asserting in conclusory fashion that Plaintiff himself suffered an "injury in fact" due to SGBL's refusal to wire funds to him in New York, Pl.'s Opp. at 11.  This claim of "injury" does not escape the Supreme Court's rule that a plaintiff lacks standing to raise another party's legal rights. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014).  Only a real party in interest can assert a claim. *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  In a contract dispute, that means "the party in whose name [the] contract was made." *Bache & Co. v. Int'l Controls Corp.*, 324 F. Supp. 998, 1005 (S.D.N.Y. 1971), *aff'd*, 469 F.2d 696 (2d Cir. 1972).  This flaw alone is fatal to the entire Complaint.

---

account." *Id.* at 5, 12.  Equally inapt is *Interglobo Customers Broker, Inc. v. Sunderland Bros Co.*, No. 19-CV-5723 (GBD) (JLC), 2019 WL 5996281, at *3–4 (S.D.N.Y. Nov. 14, 2019), because there the contract with a New York-based company included a forum selection clause where each party "irrevocably consent[ed] to the jurisdiction of the United States District Court for the Southern District of New York," including "to the exercise of *in personam* jurisdiction by said courts over it," and "the cause of action arose from [the parties' repeated] transactions."

[4] Plaintiff makes a one-sentence assertion of a right to jurisdictional discovery. Pl.'s Opp. at 7.  There is no accompanying explanation or justification for that intrusive and costly threat.  "A party seeking jurisdictional discovery, like a party seeking other kinds of discovery, bears the burden of showing necessity." *Molchatsky v. United States*, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011).  "Where a plaintiff does not establish a prima facie case of jurisdiction, a district court does not err in denying jurisdictional discovery." *Vista Food Exch., Inc. v. Champion Foodservice, LLC*, 124 F. Supp. 3d 301, 314 (S.D.N.Y. 2015).  Since "the jurisdictional issues in this case are relatively clear and uncontroverted" based on the Complaint's deficiencies, *id.*, Plaintiff's request should be denied.

## III.     THE COMPLAINT FAILS TO STATE A BREACH OF CONTRACT CLAIM

The Complaint also fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).  "[A] breach of contract claim [under New York law] will withstand a motion to dismiss only if plaintiff allege[s] the essential terms of the parties purported contract in nonconclusory language, including the specific provisions of the contract upon which liability is predicated." *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 468 (S.D.N.Y. 2014) (internal quotation marks omitted); *see also Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.,* 651 F. Supp. 2d 155, 183 (S.D.N.Y. 2009) ("[P]laintiff must provide specific allegations as to the agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue."); *Fink v. Time Warner Cable*, 810 F. Supp. 2d 633, 645 (S.D.N.Y. 2011) (plaintiffs' "simple characterization of the nature of the promise, and the equally simplistic allegations that [d]efendant failed to perform, [were] insufficient to make the requisite plausible factual demonstration[.]").  The Complaint lacks a single reference to any contractual term that SGBL breached.  Instead, it relies upon a vague allegation that "Defendant's refusal to wire the funds from the subject accounts to Plaintiff's First Niagara Accounts constitutes a breach of the account holder agreements in place with SGBL." Compl. ¶ 22.  This failure to "allege the provisions of the contract upon which the claim is based," *Marshall*, 51 F. Supp. 3d at 468, requires dismissal for failure to state a claim. *See Dilworth v. Goldberg*, 914 F. Supp. 2d 433, 458 (S.D.N.Y. 2012) (holding that the plaintiffs' claim failed because they "do not identify what provision of the contract was violated[.]").

Plaintiff raises several arguments attempting to excuse his failure to identify any contractual provision that was breached.  None of these arguments bear even tangential relevance to the Complaint's essential shortcoming in this regard.  First, Plaintiff asserts that he is Milestones

Offshore's agent, without proffering an explanation for why that fact reduces his pleading burden. Pl.'s Opp. at 10.  It is well-settled that agents are unable to sue on behalf of a principal. *Artists Rights Enf't Corp. v. Estate of Robinson*, No. 15-CIV-9878 (ER), 2017 WL 933106, at *5 (S.D.N.Y. Mar. 8, 2017).  Second, Plaintiff claims that the Account Opening Application (which he concedes does not address the wiring of funds) is not the parties' entire agreement.  Absent any support whatsoever, he concludes that a contractual obligation to wire funds abroad exists in some other, unspecified contract, or is "simply the product of the parties' course of dealing."  Pl.'s Opp. at 12.  Without identifying these other mystery contractual provisions upon which the Complaint is based, the claim cannot survive a motion to dismiss. *Fink*, 810 F. Supp. 2d at 645; *Chrysler Capital Corp. v. Hilltop Egg Farms, Inc.*, 514 N.Y.S.2d 1002, 1003 (N.Y. App. Div. 1987) (complaint alleging New York breach of contract must "set forth the terms of the agreement upon which liability is predicated, either by express reference or by attaching a copy of the contract").

Plaintiff's argument—absent from the Complaint but newly asserted in his Opposition— that there was an implied contract between SGBL and Plaintiff is equally meritless.  Pl.'s Opp. at 14 n.12.  In New York, "[a] contract implied in fact . . . requires . . . consideration, mutual assent, legal capacity and legal subject matter." *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 507 (2d Cir. 2009) (superseded by statute on other grounds) (quotation marks omitted).  However, "it is an elementary principle of contract law that, where there exists an express contract for compensation, an action outside that contract will not lie." *Stissi v. Interstate & Ocean Transp. Co. of Philadelphia*, 814 F.2d 848, 851 (2d Cir. 1987).  Plaintiff cannot therefore have his cake and eat it too by identifying the "account holder agreements" as the only applicable contract(s) and then pivot to an implied contract claim in his Opposition pleading.  Similarly, this argument need not be considered because "[i]t is long-standing precedent in this circuit that parties cannot amend

their pleadings through issues raised solely in their briefs." *Olde Monmouth Stock Transfer Co. v. Depository Tr. & Clearing Corp.*, 485 F. Supp. 2d 387, 393 (S.D.N.Y. 2007).

In a last-ditch effort to save his breach of contract claim, Plaintiff asserts for the first time that "[a]t the very least, the allegations establish [him as] an intended third-party beneficiary of the account holder agreements [who] may sue under them." Pl.'s Opp. at 13. This argument requires little comment. Where "[t]he complaint only offers conclusory allegations without pleading the pertinent terms of the purported agreement" regarding a plaintiff's third-party beneficiary status, a court cannot "speculate as to the parties involved and the conditions under which this alleged . . . contract was formed." *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104 (N.Y. 2011). The Complaint does not allege that Plaintiff was an intended third-party beneficiary of the alleged "account holder agreements" between Milestones Offshore and SGBL. The Complaint therefore "fails to make any reference to . . . facts from which the Court could infer that the contracts were intended to benefit Plaintiff." *Marshall*, 51 F. Supp. at 469.

## IV.   DUPLICATIVE CONVERSION AND UNJUST ENRICHMENT CLAIMS CAN AND MUST BE DISMISSED AT THE MOTION TO DISMISS STAGE

In response to SGBL's argument that the conversion and unjust enrichment claims are duplicative, *see* Mot. to Dismiss at 14–15, Plaintiff asserts that the law permits a claimant to plead conversion and unjust enrichment as alternatives to breach of contract, Pl.'s Opp. at 15–16. That rejoinder misses the mark entirely. The problem is not the coexistence of these *types* of claims. It is instead the fact that there is not a single factual allegation in the conversion and unjust enrichment counts that is distinct from the breach of contract count. "[A] claim to recover damages for conversion cannot be *predicated* on a mere breach of contract." *Priolo v. Comm., Inc. v. MCI Telecom Corp.*, 248 669 N.Y.S.2d 376 (N.Y. App. Div. 1998) (emphasis added). Claims for both a breach of contract and conversion are unavailable where the "alleged conversion damages are

simply a subset of [] alleged breach of contract damages." *Telesco v. Neuman*, No. 14-CV-3480 (VB), 2015 WL 2330166, at \*6 (S.D.N.Y. Mar. 11, 2015); *see also Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d. 182, 194 (S.D.N.Y. 2016) (internal quotations omitted) (courts "routinely dismiss an unjust enrichment claim that simply duplicates, or replaces, a conventional contract or tort claim."). *Priolo*, *Telesco*, and *Bautista* were all decided on a motion to dismiss.

## V.    THE COMPLAINT FAILS TO OVERCOME THE PRESUMPTION AGAINST EXTRATERRITORIALITY

Plaintiff's Opposition entirely ignores the first argument in SGBL's Motion to Dismiss. The Court should not. "The established presumption is, of course, against the extraterritorial operation of New York law[.]" *Glob. Reins. Corp. U.S. Branch v. Equitas Ltd.*, 969 N.E.2d 187, 195 (N.Y. 2012); *see also* 4B N.Y. Prac., Com. Litig. in N.Y. State Courts § 76:9 (4th ed.) (same). There is nothing about New York common law breach of contract, unjust enrichment, or conversion claims that rebuts this "established presumption." *Glob. Reins.*, 969 N.E.2d at 195. That alone is fatal to all three counts in the Complaint.

## VI.    GRANTING LEAVE TO AMEND THE COMPLAINT WOULD BE FUTILE

Plaintiff attempts to bootstrap the Complaint by requesting leave to amend. The only suggested amendment is adding Milestones Offshore as a plaintiff. Pl.'s Compl. at 14 n.13. Doing so would not cure the lack of personal jurisdiction, or any of the other dispositive shortcomings in the Complaint, and would destroy diversity jurisdiction. *See Universal Licensing Corp. v. Paola del Lungo S.P.A.*, 293 F.3d 579, 580–82 (2d Cir. 2002). Granting leave to amend thus would be futile and should be denied. *See Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).[5]

---

[5]  Should it become necessary, SGBL reserves the right to argue that this case should be dismissed on forum non conveniens grounds. *See Snam Progetti S.P.A. v. Lauro Lines*, 387 F. Supp. 322, 322–23 (S.D.N.Y. 1974).

Respectfully submitted,

April 30, 2020                    **ASHCROFT LAW FIRM, LLC**

By:   _____

Michael J. Sullivan
Kimberly P. West
Ashcroft Law Firm, LLC
200 State Street, 7th Floor
Boston, MA 02109
617-573-9400
Email: msullivan@ashcroftlawfirm.com
Email: kwest@ashcroftlawfirm.com

*Attorneys for Defendant Société Générale de*
*Banque au Liban S.A.L.*

11